SHINKLE, WILSON & KREIS CO. v. ROBERT J. BIRNEY ET AL.

DAMAGES FROM COLLAPSE OF BUILDING—KNOWLEDGE OF DEFECTS.

In an action by the tenants of a building to recover damages for its collapse due to the negligence of the landlord permitting the building to get out of repair and fall into decay, it is necessary to show that the owners had knowledge, actual or constructive, of the defects causing the damages. In case of latent defects, if the tenant has equal opportunities with the landlord to discover such defects, the doctrine of *caveat emptor* applies.

HEARD ON ERROR.

Robert Ramsey, for plaintiff in error, cited :

1. There is an exception to the general rule of *caveat emptor* arising from the duty which a lessor owes a lessee. Where there are concealed defects attended with danger to an occupant, and which a careful examination would not discover, known to the lessor, the latter is bound to reveal them, in order that the lessee may guard against them. While the failure to reveal such facts may not be actual fraud or misrepresentation, it is such negligence as may lay the foundation of an action against the lessor if injury occurs. Cowen v. Sunderland, 14 N. E. Rep. 117 [145 Mass. 363; 1 Am. St. Rep. 469]; upon the same point, Booth v. Merriam, 30 N. E. Rep. 85 [155 Mass. 521]; Minor v. Sharon, 112 Mass. 477 [27 Am. Rep. 122]; Howe v. Hunking, 135 Mass. 380; Martin v. Richards, 29 Me. 591; Wood on Landlord & Tenant, p. 855; Wilcox v. Hines, 46 S. W. Rep. 297 [100 Tenn. 538]; Lowell (City) v. Spaulding, 4 Cush. 277 [50 Am. Dec. 776, 783]; Edwards v. Railway Co., 98 N. Y. 245, 256 [50 Am. Rep. 659]; Tuttle v. Manufacturing Co., 13 N. E. Rep. 465 [145 Mass. 174, 175]; Kern v. Myll, 45 N. W. Rep. 587 [80 Mich. 525, 530; 8 L. R. A. 682]; Thum v. Rhodes, 55 Pac. Rep. 264 [12 Colo. App. 245]; Moore v. Parker, 64 Pac. Rep. 975 [Kan.]; Carson v. Bodley, 26 Pa. St. 111; Krueger v. Ferrant, 13 N. W. Rep. 158 [29 Minn. 385].

2. Actual knowledge of defendants as to defects. Cutter v. Hamlen, 18 N. E. Rep. 397 [147 Mass. 471; 1 L. R. A. 429].

3. Repairs—by whom to be made. Leavitt v. Fletcher, 10 Allen, 119; Foster v. Peyser, 9 Cush. 242 [57 Am. Dec. 43]; Readman v. Conway, 126 Mass. 374; Milford v. Holbrook, 9 Allen 17 [85 Am. Dec. 735]; Shindlebeck v. Moon, 32 Ohio St. 264, 267 [30 Am. Rep. 584]; Burns v. Solomon, 4 Dec. 232 (3 N. P. 185); Dorse v. Fisher, 10 Re. 163 (19

Bull. 106); Toledo Real Estate & Invest. Co. v. Putney, 10 Circ. Dec. 698 (20 R. 486); Hohly v. Sheely, 11 Circ. Dec. 678 (21 R. 484, 494).

4. The law has appropriated no particular form of words for the creation of a covenant. Any words are sufficient which show the intent of the parties. Wright v. Tuttle, 4 Day 313, 321; Davis v. Lyman, 6 Conn. 249, 252; Marshall v. Craig, 1 Bibb 379 [4 Am. Dec. 647]; Johnson v. Hollingsworth, 11 N. W. Rep. 843 [48 Mich. 140]; Hallett v. Wylie, 3 Johns. 44 [3 Am. Dec. 457]; Taylor v. Preston, 79 Pa. St. 436; Josling v. Kingsford, 13 C. B. N. S. 477; Columbian Iron Works v. Douglas, 34 Atl. Rep. 1118 [84 Md. 44; 33 L. R. A. 103; 57 Am. St. Rep. 362]; Osgood v. Lewis, 2 Harr. & Gill. 495 [18 Am. Dec. 317]; Gardner v. Lane, 9 Allen, 492; Dounce v. Dow, 64 N. Y. 411; Benjamin Sales (7 ed.), pp. 644, 677.

5. Representations made by an agent in the course of and as a part of a transaction, in which he was authorized to represent his principal and which were relied upon by the person to whom they were made are actionable upon the ground, either of negligence or deceit. Cate v. Blodgett, 48 Atl. Rep. 281 [N. H.]; Gifford v. Sandrine, 37 N. J. Eq. 127; Tillyer v. Glass Co., 7 Circ. Dec. 209 (13 R. 99); 1 Wood Landlord & Tenant, Sec. 135 and cases cited; Gregor v. Cady, 19 Atl. Rep. 108 [82 Me. 131, 137; 17 Am. St. Rep. 466]; Gill v. Middleton, 105 Mass. 477 [7 Am. Rep. 548]; Collier v. Collier, 96 N. Y. S. 94; Dayton v. Hogglund, 39 Ohio St. 671, 680; Cleveland, C. C. & I. Railway Co. v. Schneider, 45 Ohio St. 678 [17 N. E. Rep. 321].

John S. Conner and Harrison & Aston, contra.

The plaintiffs in error sued for $22,377.59 damages on account of the collapse of a building occupied by them and belonging to the defendants in error. The plaintiffs claimed a warrant of the premises, and alleged that the collapse was due to the negligence of the owners in permitting the building to get out of repair and fall into decay.

GIFFEN, J.

Conceding the law to be as stated by counsel for plaintiff in error that "if there is a concealed defect that renders the premises dangerous, which the tenant cannot discover by the exercise of reasonable diligence, of which the landlord has or ought to have knowledge, it is the landlord's duty to disclose it, and he is liable for the injury which results from his concealment of it," still there is no finding by the court of common pleas that the defendants in error had or ought to have had knowledge of the defects causing the damages, nor does it find that they knew how long the defective timbers had been in the building, which,

togethei with other facts, was necessary to show that by the exercise of ordinary care they would have discovered the defects complained of.

If the plaintiff in error had equal opportunity with the defendants in error to discover latent defects, the rule of *caveat emptor* applies.

There being no more definite knowledge of defects on the part of defendants in error than that possessed by plaintiff in error, there was no greater duty imposed on the former to make the prescribed tests by "tapping or boring."

Judgment affirmed.

The relief asked in the cross-petition in error cannot be granted, for the reason that the bill of exceptions is incomplete, and for the further reason that this court is not authorized to amend the findings of fact.

---

## STREET RAILWAYS.

[Butler (1st) Circuit Court, 1902.]

Swing, Giffen and Jelke, JJ.